**VANTINE PAINT & GLASS COMPANY of** Bismarck, North Dakota, a Domestic Corporation, Plaintiff and Respondent,

v.

**HART MOTOR EXPRESS, INC., a Corporation, Defendant, Third-Party Plaintiff and Appellant**

(John W. Larson, Third-Party Defendant and Respondent).

No. 7867.

Supreme Court of North Dakota.

March 4, 1960.

Cox, Pearce & Engebretson, Bismarck, for plaintiff and respondent.

R. W. Wheeler, Bismarck, for defendant, third-party plaintiff, and appellant.

Rausch & Chapman, Bismarck, for third-party defendant and respondent.

TEIGEN, Judge.

The respondent Vantine Paint & Glass Company brought action and recovered judgment against the appellant Hart Motor Express for breakage of one carton of 34 panes of plate glass valued at $1,242.05, broken in unloading process at the point of destination. Trial de novo is demanded in this court. Hart Motor Express, a common carrier, admits contract for carriage, but alleges the glass as packaged was a heavy and bulky article, as defined in the

appellant's tariff No. 1–A, North Dakota Public Service Commission No. 3, Rule 90 (A), providing as follows:

"On heavy or bulky articles requiring special devices for safe loading or unloading, consignor and/or consignee may be required to furnish such special devices and men to operate them and assume responsibility for safe loading and unloading."

Appellant alleges affirmatively that the plate glass was not unloaded by the appellant nor under its direction, and denies any damage resulting from or caused by the negligence of the appellant. On the basis of such allegations in the answer, the appellant argues that Rule 90(A) applies because the load of glass contained heavy and bulky articles requiring special devices for safe loading and unloading, and the consignee, in this case the respondent-plaintiff, was required to and did furnish such special devices and men to operate them, and therefore assumed full responsibility.

The facts do not seem to support the appellant's contentions, however. It appears the plaintiff Vantine Paint & Glass Company had placed an order for glass from a supplier at Fargo, North Dakota, who became the consignor, and consigned the glass for delivery to Vantine's at a school-construction project at Garrison, North Dakota, where the glass was to be installed. Upon arrival at the delivery point, the truck operator or driver sought help in unloading the glass. He went to a construction shack where he found men at lunch. Subsequently, three of those men assisted the truck driver in unloading the glass from his truck. No arrangement was made between the truck driver and the men. The men were not employees or agents of the respondent Vantine's. It appears they were employees of one John Larson, who had the general contract for construction of the school building into which the respondent had contracted to install the glass. Whether such contract was a subcontract under the general contractor, or contracted direct with the owners of the building, is not shown. In the process of unloading the glass, the men employed a machine located at the scene called a fork-lift. For one particular carton of glass the fork-lift was not heavy enough, and when the carton was placed thereon the fork-lift tilted forward causing the carton to slip forward and it fell to the ground, breaking the glass into many pieces. Some months later, Larson, the general contractor, billed Vantine's, the respondent, for the use of the fork-lift and wages for the men for unloading glass, and this bill was paid. However, at this trial, both parties testified that the billing and the paying thereof were mistakes. Larson testified that he knew nothing of the matter until this action was commenced, and he had not authorized the billing. Vantine's testified the bill was paid by mistake.

The appellant brought a third-party proceeding under Rule 14 of the North Dakota Rules of Civil Procedure against the general contractor, John Larson, wherein it alleges that the plate glass was unloaded from appellant's truck by the employees of John Larson, third-party defendant, and that they did not employ due care and were negligent and that such negligence caused the damage, and prayed for judgment against the third-party defendant for all sums that might be adjudged against the appellant Hart Motor Express in favor of the plaintiff-respondent, Vantine Paint & Glass Company.

Thus there are two inconsistent theories of defense: First, that the employees of John Larson were the agents of the plaintiff, Vantine Paint & Glass Company; and, Second, that the employees of John Larson unloaded the glass, but appellant makes no allegation of duty or obligation existing, whether as joint tortfeasors, guarantors, insurers, agency, or other relationships, if any; but indicating that, whatever it was, the third-party defendant, John Larson, owed a duty to the appellant, as it prays judgment against John Larson.

for all or any part of the plaintiff's claims against it.

We feel the appellant Hart Motor Express has failed in its proof as to both contentions.

The district court found in favor of the respondent Vantine Paint & Glass Company and respondent John W. Larson.

The district court found that the driver of appellant's truck was in control of the shipment, that he sought the help he obtained, and that the men worked under his direction. It therefore was his responsibility to see that proper equipment and methods were used. The men who assisted him were not acting as employees of Larson or Vantine's when the damage occurred. The appellant had not exercised the rights it may have had under Rule 90 (A) of its tariff, which is clearly a permissive provision. The appellant-carrier had done nothing to absolve itself from liability for unloading the glass, although it probably could have done so under the circumstances. The appellant-carrier assumed the duty of unloading the load, and is liable for loss resulting from defective performance. 13 C.J.S. Carriers §§ 67–70, pp. 123–131; Secs. 8–0305, 8–0306, 8–0307, 8–0308 and 8–0901, NDRC 1943.

The respondent John W. Larson in this court moved for a dismissal of the proceeding as to him. The attorneys for the appellant Hart Motor Express and the respondent Vantine Paint & Glass Company stated in their arguments that they were not resisting such motion. This court, however, will not rule upon the motion for the reason that it is affirming the judgment of the district court, which judgment was in favor of the third-party defendant for a dismissal of the third-party complaint and allowing costs.

The judgment of the district court is affirmed.

SATHRE, C. J., and BURKE, STRUTZ, and MORRIS, JJ., concur.